WOODWARD, Respondent, v. REDDEN et al., Appellants.

St. Louis Court of Appeals, February 9, 1909.

1. **JUSTICES OF THE PEACE: Jury Trial: Majority Verdict: Trial in Circuit Court.** Under section 4080, Annotated Statutes 1906, a case appealed from a justice of the peace may be tried in the circuit court by a jury of six men, but on such trial in the circuit court no less than three-fourths of a jury may render a verdict, although two-thirds of a jury may return a verdict on a trial in the justice court.

2. ————: **Appeals: Affidavit.** In appealing from a judgment rendered by a justice of the peace against two defendants where one defendant made affidavit for appeal, stating that he believed the "appellants" were injured by the judgment and the recognizance was signed by both of the defendants, the appeal was taken in such case by both defendants.

Appeal from Mississippi Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Russell & Deal* for appellants.

The judgment is fatally defective because the verdict rendered was not concurred in by three-fourths of the members of the jury. Amendment to the Constitution, adopted 1900; Session Acts of Missouri, 1889, page 382; Marshall v. Armstrong, 105 Mo. App. 234.

*H. C. O'Bryan* for respondent.

GOODE, J.—This action was begun before a justice of the peace to recover the value of two hogs alleged to have belonged to plaintiff and to have been converted by defendants. Plaintiff had judgment in the justice's court and an appeal was taken to the circuit court, but whether by both the appellants or only one is in dispute. The trial in the circuit court was by a jury of six men, and a verdict signed by four of them was returned against the defendant Calhoun, plaintiff having dismissed in said court as to the other defendant, Redden. This verdict is said to be a nullity because it was concurred in by only two-thirds of the jurors. The statutes permit a cause appealed from a justice of the peace to be tried in the circuit court by a jury of six men. [3 Mo. Ann. Stat., sec. 4080.] Section 28 of the Bill of Rights as amended at the general election November 5, 1900, allows a jury of less than twelve men for the trial of civil and criminal cases in courts not of record, and says two-thirds of the number prescribed by law may render a verdict in all civil cases; but that in the trial of all civil cases in courts of record, three-fourths of the members of the jury concurring may render a verdict. [1 Mo. Ann. Stat., p. 162; Laws 1905, p. 314.] Theretofore the Constitution permitted juries of less than twelve men in courts not of record, but did not authorize other than unanimous verdicts either in said courts or in courts of record. In Sharp v. Nat'l Biscuit Co., 179 Mo. 553, 563, the Supreme Court said "section 28 of article 2 of the Constitution as amended is self-executing so far as it applies to juries in civil cases in courts of record and so far as it applies to grand juries, but . . . is not self-executing so far as it applies to juries in courts not of record." We have found no statute which was enacted since the amendment was adopted, to enforce the provision of said section 28 of the Constitution re-

lating to courts not of record. But whether this provision is in force is not the question for decision. The trial from which the present appeal was prosecuted occurred in a court of record before a jury of six men, summoned, we suppose, by agreement and pursuant to section 4080 of the statutes. There is no constitutional or statutory authority for the return of a verdict in any trial in such a court by fewer than three-fourths of the jury. We do not pass on the question of whether the verdict must be unanimous in a case appealed from a justice and tried before six jurors, but hold that in no event could two-thirds of the jury find a verdict.

Redden made the affidavit for the appeal from the justice's judgment, stating he believed the "appellants" (using the plural) were injured by the judgment. The appeal recognizance was signed by both Redden and Calhoun and by four other men, the latter as sureties. The recognizance recited that Woodward, the plaintiff had appealed, but this is admitted to have been a clerical error. Other recitals are that the signers would be bound if the judgment of the justice was affirmed, or if, on a trial anew, judgment was given against the "appellants," or, if the appeal should be dismissed and "they" should pay the judgment of the justice. Both Calhoun and Redden appeared in the circuit court for trial. We hold the appeal was taken by both defendants and that if there was a defective affidavit or bond, a good one could be supplied. [R. S. 1899, sec. 4072.]

On account of the verdict the judgment will be reversed and the cause remanded. All concur.